IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARK E. BULLIMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:18-CV-2191 |
| | ) |
| NICKEL EXPRESS INC., CHRIS | ) |
| ROBERT DEMOS, INDUSTRIAL | ) |
| TRANSPORT INC., and THOMAS | ) |
| WILLIAM PADDOCK, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, MARK E. BULLIMORE, by and through his attorneys of record, Miranda L. Soucie and Matthew J. Duco of Spiros Law, P.C., and states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

*Type of Action*

1. This action arises out of injuries Plaintiff sustained in a motor vehicle collision on July 25, 2016 as a result of Defendants' negligent operation of their tractor trailers.

*Parties*

2. Plaintiff is a resident of the State of Missouri.

3. Defendant Nickel Express Inc. ("Nickel Express") is a Michigan corporation.

4. Defendant Chris Robert Demos ("Demos") is a resident of the State of Michigan and employee of Defendant Nickel Express. At all times pertinent hereto Defendant Demos was acting within the scope of his employment.

5. Defendant Industrial Transport Inc. ("ITI") is a North Carolina corporation.

6. Defendant Thomas William Paddock ("Paddock") is a resident of the State of Mississippi and employee of Defendant ITI. At all times pertinent hereto Defendant Paddock was acting within the scope of his employment.

*Jurisdiction and Venue*

7. This Court has personal jurisdiction over Defendants because Plaintiff's claims against them arise out of their commission of a tort in the State of Illinois, as outlined below.

8. This Court has subject matter jurisdiction over this case because the parties are citizens of different states and the amount-in-controversy exceeds $75,000.00, exclusive of costs and interest.

9. Venue is proper in this Court because Plaintiff's injuries and the events giving rise thereto occurred in Champaign County, Illinois.

*General Allegations*

10. On or about July 25, 2016 at approximately 2:00 p.m., the tractor trailer operated by Plaintiff was stopped in the right southbound lane of Interstate 57, approximately 100 feet north of Interstate 74 in Champaign County, Illinois, because traffic was backed up.

11. At the same time Plaintiff's tractor trailer was stopped, Defendant ITI's tractor trailer, operated by Defendant Paddock, was stopped in both of the southbound lanes of Interstate 57, angled from the left lane to the right lane, attempting to merge into the right lane. The cab of Defendant ITI's tractor trailer was slightly in front of the cab of Plaintiff's tractor trailer.

12. Defendant Demos, who was operating Defendant Nickel Express's tractor trailer, was traveling southbound on Interstate 57 when he came upon the stopped traffic, including Plaintiff's tractor trailer and ITI's tractor trailer. Defendant Demos was traveling too fast to stop

so he attempted to go between the two trucks but slammed into the front driver's side door of Plaintiff's cab.

13. Defendant Demos was moving too fast to stop when he noticed the traffic ahead of him was stationary and that he caused the collision.

14. As a direct and proximate result of the collision, Plaintiff has suffered multiple injuries and damages consisting of past and future medical bills, medical treatments, lost wages, inconvenience, pain and suffering, disability, decreased quality of life, and other such damages.

## COUNT I
## NEGLIGENCE—DEFENDANT NICKEL EXPRESS INC.

For Count I, Plaintiff states as follows:

15. Plaintiff re-alleges paragraphs 1 through 14 of the Allegations Common to All Counts as if fully set out herein.

16. At all times pertinent hereto, Defendant Nickel Express and its employees, including Defendant Demos, had a duty to exercise ordinary care while operating its tractor trailer on the public highway.

17. Defendant Nickel Express, acting through its employee, Defendant Demos, breached this duty of care and was thereby negligent in one or more of the following respects:

　　a.　by failing to keep a careful lookout;
　　b.　by failing to maintain a safe distance from the vehicle in front of it;
　　c.　by failing to yield to the right of way;
　　d.　by traveling at a speed that was greater than was reasonable and proper with regard to traffic conditions, in violation of 625 ILCS 5/11-601;
　　e.　by failing to decrease speed as necessary to avoid a collision, in violation of 625 ILCS 5/11-601;
　　f.　by failing to steer or brake in a manner to avoid a collision;
　　g.　by causing its tractor trailer to collide with Plaintiff's tractor trailer; and/or
　　h.　by becoming distracted with unnecessary activities while driving.

18. At all times pertinent hereto Defendant Demos was an employee acting within the scope of his employment to Defendant Nickel Express.

19. Defendant Nickel Express was thereby negligent.

20. Defendant Nickel Express's negligence directly caused or directly contributed to cause Plaintiff's damages.

WHEREFORE, Plaintiff Mark E. Bullimore prays for a judgment under Count I against Defendant Nickel Express Inc. in an amount that is fair and reasonable, for costs incurred herein, for interest and for such other and further relief as this Court deems just and proper.

## COUNT II
## NEGLIGENCE—DEFENDANT CHRISTOPHER ROBERT DEMOS

For Count II, Plaintiff states as follows:

21. Plaintiff re-alleges paragraphs 1 through 14 of the Allegations Common to All Counts as if fully set out herein.

22. At all times pertinent hereto Defendant Demos was an employee acting within the scope of his employment to Defendant Nickel Express and as his employer, Defendant Nickel Express is vicariously responsible and liable for any and all acts and/or omissions of Defendant Demos.

23. At all times pertinent hereto, Defendant Demos had a duty to exercise ordinary care while operating his tractor trailer on the public highway.

24. Defendant Demos breached this duty of care and was thereby negligent in one or more of the following respects:

    a.    by failing to keep a careful lookout;
    b.    by failing to maintain a safe distance from the vehicle in front of him;
    c.    by failing to yield to the right of way;

- d. by traveling at a speed that was greater than was reasonable and proper with regard to traffic conditions, in violation of 625 ILCS 5/11-601;
- e. by failing to decrease speed as necessary to avoid a collision, in violation of 625 ILCS 5/11-601;
- f. by failing to steer or brake in a manner to avoid a collision;
- g. by causing his tractor trailer to collide with Plaintiff's tractor trailer; and/or
- h. by becoming distracted with unnecessary activities while driving.

25. Defendant Demos was thereby negligent.

26. Defendant Demos's negligence directly caused or directly contributed to cause Plaintiff's damages.

WHEREFORE, Plaintiff Mark E. Bullimore prays for a judgment under Count II against Defendants Christopher Robert Demos and Nickel Express Inc., jointly and severally, in an amount that is fair and reasonable, for costs incurred herein, for interest and for such other and further relief as this Court deems just and proper.

## COUNT III
## NEGLIGENCE—DEFENDANT INDUSTRIAL TRANPORT INC.

For Count III, Plaintiff states as follows:

27. Plaintiff re-alleges paragraphs 1 through 14 of the Allegations Common to All Counts as if fully set out herein.

28. At all times pertinent hereto, Defendant ITI and its employees, including Defendant Paddock, had a duty to exercise ordinary care while operating its tractor trailer on the public highway.

29. Defendant ITI, acting through its employee, Defendant Paddock, breached this duty of care and was thereby negligent in one or more of the following respects:

- a. by failing to keep a careful lookout;
- b. by failing to yield to the right of way;
- c. by failing to signal a lane change, in violation of 625 ILCS 5/11-804;

      d.      by causing its tractor trailer to move from one lane to another without first ascertaining that such movement could be made with safety, in violation of 625 ILCS 5/11-709;

      d.      by causing its tractor trailer to occupy both lanes, in violation of 625 ILCS 5/11-709; and/or

      e.      by becoming distracted with unnecessary activities while driving.

30. At all times pertinent hereto Defendant Paddock was an employee acting within the scope of his employment to Defendant ITI.

31. Defendant ITI was thereby negligent.

32. Defendant ITI's negligence directly caused or directly contributed to cause Plaintiff's damages.

WHEREFORE, Plaintiff Mark E. Bullimore prays for a judgment under Count III against Defendant Industrial Transport Inc. in an amount that is fair and reasonable, for costs incurred herein, for interest and for such other and further relief as this Court deems just and proper.

## COUNT IV
## NEGLIGENCE—DEFENDANT THOMAS WILLIAM PADDOCK

For Count IV, Plaintiff states as follows:

33. Plaintiff re-alleges paragraphs 1 through 14 of the Allegations Common to All Counts as if fully set out herein.

34. At all times pertinent hereto Defendant Paddock was an employee acting within the scope of his employment to Defendant ITI and as his employer, Defendant ITI is vicariously responsible and liable for any and all acts and/or omissions of Defendant Paddock.

35. At all times pertinent hereto, Defendant Paddock had a duty to exercise ordinary care while operating his tractor trailer on the public highway.

36. Defendant Paddock breached this duty of care and was thereby negligent in one or more of the following respects:

    a.     by failing to keep a careful lookout;
    b.     by failing to yield to the right of way;
    c.     by failing to signal a lane change, in violation of 625 ILCS 5/11-804;
    d.     by causing his tractor trailer to move from one lane to another without first ascertaining that such movement could be made with safety, in violation of 625 ILCS 5/11-709;
    d.     by causing his tractor trailer to occupy both lanes, in violation of 625 ILCS 5/11-709; and/or
    e.     by becoming distracted with unnecessary activities while driving.

37. Defendant Paddock was thereby negligent.

38. Defendant Paddock's negligence directly caused or directly contributed to cause Plaintiff's damages.

WHEREFORE, Plaintiff Mark E. Bullimore prays for a judgment under Count IV against Defendants Thomas William Paddock and Industrial Transport Inc., jointly and severally, in an amount that is fair and reasonable, for costs incurred herein, for interest and for such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

                                Respectfully submitted,

                                **SPIROS LAW, P.C.**

                                By:  /s/ *Matthew J. Duco*
                                    Miranda L. Soucie; IL Bar No. 6304049
                                    msoucie@spiroslaw.com
                                    Matthew J. Duco; IL Bar No. 6296289
                                    mduco@spiroslaw.com
                                    317 East University Avenue
                                    Champaign, Illinois 61820
                                    217.328.2828 (Telephone)
                                    217.443.4545 (Facsimile)
                                    ***ATTORNEYS FOR PLAINTIFF***